# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIAN AQUINO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M. JONES, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:09-cv-01001-LJO-GBC PC<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM<br><br>(Doc. 12)<br><br>THIRTY-DAY DEADLINE |

**I.     Screening Requirement**

Plaintiff Dorian M. Aquino ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently pending before the Court is the first amended complaint, filed November 16, 2009. (Doc. 12.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v.

1  Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555
2  (2007)).
3      Under section 1983, Plaintiff must demonstrate that each defendant personally participated
4  in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires
5  the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct.
6  at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that]
7  pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line
8  between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting
9  Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations
10  contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129
11  S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere
12  conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

13  **II.   Discussion**

14      Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and
15  is housed at the California State Prison, Corcoran. On May 17, 2009, Plaintiff's hands were cuffed
16  behind his back as he was being escorted down the stairs by Defendant Jones. Defendant Amaro let
17  go of Plaintiff and Plaintiff fell down the stairs injuring his back. Defendant Jones was aware that
18  Plaintiff had a medical chrono to be housed on a lower tier due to his serious seizure disorder.
19  Plaintiff is seeking $100,000 from Defendant Jones for gross negligence and deliberate indifference
20  and $100,000 from Defendant Amaro for extreme gross negligence and incompetence.

21      Liability under section 1983 exists where a defendant "acting under the color of law" has
22  deprived the plaintiff "of a right secured by the Constitution or laws of the United States." Jensen
23  v. Lane County, 222 F.3d 570, 574 (9th Cir. 2000). To prove a violation of the Eighth Amendment
24  the plaintiff must "objectively show that he was deprived of something 'sufficiently serious,' and
25  make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's
26  health or safety." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (citations omitted).
27  Deliberate indifference requires a showing that "prison officials were aware of a "substantial risk of
28  serious harm" to an inmates health or safety and that there was no "reasonable justification for the

deprivation, in spite of that risk." Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837, 844 (1994)). Officials may be aware of the risk because it is obvious. Thomas, 611 F.3d at 1152.

Nothing in the facts alleged indicate that Defendant Amaro was aware of Plaintiff's medical chrono or a risk of harm by failing to escort Plaintiff down the stairs. Additionally, even if Defendant Amaro was aware of Plaintiff's medical chrono, the medical condition was not the cause of Plaintiff falling down the stairs. Plaintiff alleges he fell because Defendant Amaro failed to hold onto him as he descended the stairs. There is nothing to indicate that any named Defendant was aware of a substantial risk that Plaintiff would fall down the stairs because a correctional officer did not hold onto him as he descended. Thomas, 611 F.3d at 1150. For the reasons stated, Plaintiff has failed to state a cognizable claim. The Court will allow Plaintiff an opportunity to file a second amended complaint to cure the deficiencies described.

## III.   Conclusion and Order

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are

waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed November 16, 2009, is dismissed for failure to state a claim upon which relief may be granted under section 1983;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   December 20, 2010

UNITED STATES MAGISTRATE JUDGE